UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL A. PENDRACKI,

        Plaintiff,                   CIVIL ACTION NO. 11-CV-14588

vs.

                                            DISTRICT JUDGE SEAN F. COX

BAC HOME LOANS SERVICING,        MAGISTRATE JUDGE MONA K. MAJZOUB
LP, and FEDERAL HOME LOAN
MORTGAGE ASSOCIATION,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that the Motion to Dismiss filed by Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, and Federal Home Loan Mortgage Corporation (docket no. 5) be **GRANTED** and Plaintiff's complaint be dismissed.

**II.**    **REPORT**:

    Plaintiff Carl Pendracki initiated this action against Federal Home Loan Mortgage Corporation (Freddie Mac) and Bank of America, N.A. (BANA) in the Oakland County Circuit Court on September 9, 2011, challenging the foreclosure of real property located at 30301 Spring River Drive in Southfield, Michigan. Defendants removed the complaint to this Court on October 18, 2011 and state that the foreclosure sale has been voluntarily adjourned pending disposition of this matter. The complaint challenges Defendants' authority to foreclose (Count 1), and asserts claims under the Michigan Foreclosure by Advertisement Statute (Count 2), Michigan Statutory

Modification Law (Count 3), Declaratory Relief - Failure of Condition Precedent - Code of Federal Regulations (Count 4), Tortious Interference with Contractual Relations (Count 5), Civil Conspiracy (Count 6), Real Estate Settlement Procedures Act (Count 7), Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (Count 8), Declaratory Relief - Foreclosure Barred by Unclean Hands (Count 9), Breach of Contract - Implied Duty of Good Faith and Fair Dealing (Count 10), Federal Fair Debt Collection Practices Act (Count 11), Michigan Fair Debt Collection Practices Act (Count 12), Intentional Fraud (Count 13), Constructive Fraud (Count 14), Promissory Estoppel (Count 15), Michigan Consumer Protection Act (Count 16), and Unjust Enrichment (Count 17).

Presently before the Court is the Motion to Dismiss filed by Defendants Freddie Mac and BANA on November 18, 2011. (Docket no. 5). Under Eastern District of Michigan Local Rule 7.1, Plaintiff's response to Defendants' motion was due on approximately December 9, 2011. Plaintiff did not file a response to the motion or request additional time in which to respond. On December 20, 2011 the Court notified the parties that it would resolve Defendants' motion on the briefs and informed Plaintiff that his response was past due. (Docket no. 7). Plaintiff still did not file a response or request additional time in which to respond. Subsequently, on June 4, 2012 the Court ordered Plaintiff to show cause in writing why his complaint should not be dismissed. (Docket no. 8). On June 14, 2012 Plaintiff filed a response to Defendants' motion, but did not file a response to the show cause order. (Docket no. 11). On July 2, 2012 Defendants filed a reply, asking the Court to dismiss Plaintiff's complaint for failure to prosecute or on the merits of Defendants' motion. (Docket no. 12). Defendants' motion has been referred to the undersigned for action. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Factual Background**

Plaintiff and his now deceased wife, Judith A. Pendracki, obtained a home loan from Capital Mortgage Funding, LLC in the amount of $210,400, to purchase a residence located at 30301 Spring River Drive in Southfield, Michigan (Property).  In exchange for the loan, Plaintiff executed a Promissory Note and Mortgage dated March 24, 2007 in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the Lender, Capital Mortgage Funding, LLC.  (Docket no. 1, ex. A).  Capital Mortgage endorsed the loan to Countrywide Bank, FSB, as indicated on the endorsement on the Note. (Docket no. 5, ex. 1).  On April 27, 2009 Countrywide Bank, FSB merged into BANA.  (Docket no. 5, ex. 2).  Plaintiff alleges that there was a prearranged agreement for Freddie Mac to purchase the loan.  (Docket no. 1, at ¶¶ 8, 15).  Defendant contends that Freddie Mac is the investor of the loan.  (Docket no. 5 at p. 2).

The mortgage is attached to the complaint as exhibit A.  It identifies MERS as the mortgagee under the security agreement and states that MERS is a separate corporation acting solely as a nominee for the Lender, Capital Mortgage Funding, LLC (Capital) and Capital's successors and assigns.  MERS assigned the mortgage to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP on March 24, 2011.  (Docket no. 5, ex. 3).  BAC Home Loans Servicing, LP collected payments and serviced the loan.  (Docket no. 1, ¶¶ 14, 17-20).  On July 1, 2011, BAC Home Loans Servicing, LP merged into BANA.  (Docket no. 5 at p 1 n.2); *see Glaspie v. Bank of Am., N.A.*, No. 11-10087, 2011 WL 6309034, at *2 (E.D. Mich. Dec. 15, 2011). Sometime thereafter Plaintiff defaulted on his loan and BANA initiated foreclosure proceedings. (Docket no. 1, ¶¶ 19, 22, 23).

On March 31, 2011 Trott & Trott, P.C., BANA's foreclosure counsel, sent Plaintiff the

3

notice required under M.C.L. § 600.3205a. (Docket no. 1, ¶ 23; Docket no. 5, ex. 4). The letter states that Trott & Trott is the agent designated by the mortgage servicer and the mortgage holder to contact and that has the authority to make agreements under M.C.L. §§ 600.3205b and 600.3205c. The letter also specifies that Plaintiff had fourteen days in which to contact a housing counselor for the purpose of requesting a meeting with Trott & Trott to attempt to work out a mortgage loan modification. The letter provided that if Plaintiff requested a meeting with Trott & Trott by contacting a housing counselor, foreclosure proceedings would not be commenced until ninety days after the date of the notice, or June 29, 2011. Plaintiff claims that he retained an attorney and on August 10, 2011 participated in a telephone conference with representatives from BANA and Trott & Trott to discuss his eligibility for a loan modification. (Docket no. 1, ¶¶ 24-28). He claims that he was denied a modification despite having submitted all of the necessary documents to show that he was qualified for a modification. Plaintiff contends that his modification request was denied because BANA could receive a large financial bonus from Freddie Mac if it foreclosed his mortgage while Freddie Mac was in receivership. (Docket no. 1, ¶¶ 15-27).

Plaintiff claims that Trott & Trott mailed him a letter on August 11, 2011 denying his request for a loan modification and stating that it would begin foreclosure proceedings. (Docket no. 1, ¶ 26; Docket no. 5, ex. 5). He states that Trott & Trott published notice of the foreclosure sale on August 12, 2011, but failed to post notice of the foreclosure on Plaintiff's door. (Docket no. 1, ¶ 28-29). On September 9, 2011, just days before the foreclosure sale, Plaintiff filed the instant action. Defendants have adjourned the foreclosure sale pending disposition of this matter.

**B. Governing Law**

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). When

4

determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id.* The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

Ordinarily, a motion under Rule 12(b)(6) is determined solely on the pleadings. If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a document attached to a pleading as an exhibit becomes part of the pleading and may be considered on a motion to dismiss. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). The court may also consider materials that are referenced in the pleadings and that are integral to the claims without converting the motion into one for summary judgment. *Id.* at 335-36.

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the

5

non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.    Analysis**

In Count 1 of the complaint Plaintiff challenges BANA's authority to initiate foreclosure proceedings, arguing that Capital never assigned its interests to a third party as mortgagee. As stated above, the mortgage identifies MERS as the mortgagee and nominee for Capital. On March 24, 2011 MERS assigned the mortgage to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, which later merged into BANA. Plaintiff argues that MERS cannot be a mortgagee and did not assign the mortgage in its capacity as nominee for Capital. However, courts in this district have held that MERS has the "specific authority created by the mortgage to act as the mortgagee and the original lender's nominee," which includes the authority to enforce and assign a mortgage. *McCann v. U.S. Bank, N.A.*, No. 11-14804, 2012 WL 1902481, at *5 (E.D. Mich. May 25, 2012) (citing *Luster v. MERS*, No. 11-14166, 2012 WL 124967, at *3 (E.D. Mich. Jan. 17, 2012)). The undersigned recommends that Count 1 of the complaint be dismissed.

In Count 2, Plaintiff argues that Defendants violated the Michigan Foreclosure by Advertisement statute, M.C.L. § 600.3204, by initiating foreclosure proceedings when Plaintiff was eligible for a loan modification under M.C.L. § 600.3205c(7). Defendants contend that Plaintiff

6

cannot maintain this claim because the complaint does not allege that Plaintiff contacted a housing counselor as he was required to do under section 600.3205b(1), or allege facts to show that he obtained a loan modification agreement through the housing counselor. Michigan Compiled Laws § 600.3205c(8) states that a borrower may file an action in the circuit for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure if a mortgage holder or servicer begins foreclosure proceedings in violation of section 3205c. Courts have universally held that a plaintiff may not pursue relief under section 3205c(8) if the plaintiff has not fully complied with the process outlined in the statute. *See Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 909 (E.D. Mich. 2012) (citing cases). Here, Plaintiff does not allege facts to show that he contacted a housing counselor as required by statute. Accordingly, because Plaintiff has not alleged that he complied with the statute, he has not alleged sufficient facts to state a viable claim for violation of M.C.L § 600.3204.

Plaintiff next argues that Defendants failed to post notice of the foreclosure sale on the Property as required under M.C.L § 600.3208. That section requires notice of the foreclosure to be published for four consecutive weeks in a newspaper published in the county in which the foreclosure property is to be sold. Notice of the foreclosure must also be posted in a conspicuous place upon the foreclosure property within fifteen days after the first published notice. M.C.L § 600.3208. Defendants contend that they published notice of the foreclosure in the Oakland County Legal News and personally served Plaintiff with notice. (Docket no. 5 at p. 3). Defendants do not state or show that they published notice for four consecutive weeks and posted notice in a conspicuous spot on the Property. Personal notice is not required under the statute.

Plaintiff has stated facts to allege that Defendant BANA failed to comply with M.C.L

7

§ 600.3208. However, a challenge to the sufficiency of posting notice of foreclosure ordinarily arises when a court considers whether to set aside a foreclosure sale based on fraud or irregularity. *See, e.g., Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *3 (E.D. Mich. Aug. 10, 2011). Here, there is no dispute that the foreclosure sale has been adjourned. Thus, Plaintiff has not alleged facts to show that he was harmed by the alleged defect. In Count 2 Plaintiff asks for a permanent injunction against a foreclosure auction of the Property. Plaintiff has not cited authority for this type of relief as a remedy for deficient posting. The undersigned recommends that the Court deny Plaintiff's request and dismiss Count 2 of the complaint.

In Count 3 of the complaint Plaintiff argues that Defendants violated M.C.L § 600.3205a through c by naming Trott & Trott as the designee with authority to modify a residential loan. Plaintiff claims that only Freddie Mac, the investor who owns the loan, may modify the loan. Courts have found that M.C.L § 600.3205a does not prohibit a mortgagee's foreclosure counsel from being identified as the designee with authority to modify a residential loan. *See Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-14065, 2012 WL 2223154, at *4 (E.D. Mich. June 15, 2012). The Court should dismiss Count 3 of Plaintiff's complaint.

Count 4 alleges that Defendants violated 24 C.F.R. § 203.604 by failing to provide Plaintiff with a meeting to resolve any default prior to the borrower falling behind by three monthly payments. Because plaintiff has no private cause of action under 24 C.F.R. § 203.604, Count 4 should be dismissed. *Id*. at *4.

In Count 5, Plaintiff argues that Freddie Mac tortiously interfered with Plaintiff's contractual relationship with Capital by causing BANA to rush to breach the contract between Plaintiff and Capital. Plaintiff asserts that Freddie Mac is in federal receivership and is entitled to a bailout of

100 cents on the dollar for any foreclosure that occurs prior to the expiration of the receivership. He claims that Freddie Mac offered financial incentives and financial punishments to BANA in order to induce BANA to "hurry up and breach the Capital Mortgage contract with Plaintiff" before the receivership expired. Plaintiff also claims that his contract with Capital requires Capital to make a good faith effort to modify Plaintiff's loan or provide other loss mitigation options to Plaintiff prior to foreclosure. Plaintiff fails to identify which provision of the Mortgage or Note requires Capital to make a good faith effort to modify his loan and the Court finds none. Indeed, Plaintiff does not make any effort to identify which terms of the agreement were breached. *See Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-14065, 2012 WL 2223154, at *5 (E.D. Mich. June 15, 2012). The undersigned recommends that Count 5 be dismissed.

Count 6 asserts a claim for civil conspiracy and alleges that Freddie Mac conspired with BANA to force Plaintiff into foreclosure as soon as possible so Defendants could effectuate a bailout from the federal government of the entire principal balance of the mortgage loan. In *Baumgartner*, the court found that the plaintiff could not maintain his claim of civil conspiracy because he failed to allege a separate actionable tort against the defendants. *Id*. at *5. Here, Plaintiff has failed to allege a plausible claim for a separate actionable tort. Accordingly, Count 6 should be dismissed.

Plaintiff makes a variety of other allegations in Counts 7-17 of his complaint. The Court has thoroughly reviewed Plaintiff's complaint, Defendants' motion, Plaintiff's response, and Defendants' reply and recommends that the Court dismiss Counts 7-17 for the reasons stated in Defendants' brief and in *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-14065, 2012 WL 2223154, at *4-9 (E.D. Mich. June 15, 2012).

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 11,2012            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 11,2012          s/ Lisa C. Bartlett
                                           Case Manager