UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carl A. Pendracki,

      Plaintiff,                             Case No. 11-14588
                                              Honorable Sean F. Cox

v.

BAC Home Loans Servicing, LP, and
Federal Home Loan Mortgage Corporation,

      Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

      Plaintiff Carl A. Pendracki ("Plaintiff") originally filed this action in state court on

September 9, 2011, against Defendants BAC Home Loans Servicing, LP[1] and Federal Home

Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants"). Plaintiff challenges

Defendants' foreclosure of property located at 30301 Spring River Dr., Southfield, Michigan.

On October 18, 2011, Defendants removed the action to this Court.

      Plaintiff's Complaint alleges the following seventeen counts: 1) No Proof of Ownership

of Loan/Authority to Foreclose (Count 1); Michigan Foreclosure by Advertisement Statute

(Count 2); Michigan Statutory Modification Law (Count 3); Declaratory Relief – Failure of

---

[1]Bank of America, N.A. ("BANA") is the successor by merger to BAC Home Loans
Servicing, LP. BAC Home Loans Servicing, LP was formerly known as Countrywide Bank,
FSB. Plaintiff executed his mortgage with Capital Mortgage Finding, LLC ("Capital Mortgage")
on March 24, 2007, which then assigned the mortgage note to what is now BANA.

Condition Precedent – Code of Federal Regulations (Count 4); Tortious Interference With Contractual Relations (Count 5); Civil Conspiracy (Count 6); Real Estate Settlement Procedures Act (Count 7); Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (Count 8); Declaratory Relief – Foreclosure Barred By Unclean Hands (Count 9); Breach of Contract – Implied Duty of Good Faith and Fair Dealing (Count 10); Federal Fair Debt Collection Practices Act (Count 11); Michigan Fair Debt Collection Practices Act (Count 12); Intentional Fraud (Count 13); Constructive Fraud (Count 14); Promissory Estoppel (Count 15); Michigan Consumer Protection Act (Count 16); and Unjust Enrichment (Count 17).

On November 18, 2011, Defendants filed a Motion to Dismiss asserting that Plaintiff has failed to state a claim for all of the counts alleged in Plaintiff's Complaint. (Docket Entry No. 5). This Court referred Defendants' Motion to Dismiss for hearing and determination by Magistrate Judge Mona K. Majzoub.

On December 20, 2011, Magistrate Judge Majzoub issued an order stating that the motion would be decided on the briefs, no hearing will be scheduled, and that Plaintiff's response to Defendants' motion was past due. (Docket Entry No. 7). By June 4, 2012 – almost sixth months after Magistrate Judge Majzoub gave notice to Plaintiff that his response was past due – Plaintiff had still not filed a response brief. On that date, Magistrate Judge Majzoub issued to Plaintiff an Order to Show Cause Why This Case Should Not Be Dismissed. (Docket Entry No. 8). On June 14, 2012, Plaintiff finally filed his response to Defendants' motion. (Docket Entry No. 11).

On August 11, 2012, Magistrate Judge Majzoub issued a Report and Recommendation

2

("R&R"), wherein she recommends that the Court grant Defendants' motion and dismiss Plaintiff's Complaint in its entirety.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiffs filed objections to the R&R on August 27, 2012. (Pl.'s Objs., Docket Entry No. 14).

**Plaintiff's First Objection**

In Count 1 of Plaintiff's Complaint, he seeks declaratory relief because Defendants allegedly do not own the note and mortgage at issue. In Plaintiff's first objection, he contends that the Magistrate Judge did not address Plaintiff's assertion that Defendants did not receive valid transfer of the Note. (Pl.'s Objs. at 1). As stated by Magistrate Judge Majzoub, MERS assigned the mortgage to BANA on March 24, 2011. (*See* Def.'s Br., Ex. 3). "MERS has the specific authority created by the mortgage to act as the mortgagee and the original lender's nominee. Consequently, MERS has statutory authority to enforce a mortgage granted to it as nominee for the lender, including assigning the mortgage." *McCann v. U.S. Bank, N.A.*, __ F.Supp.2d __, 2012 WL 1902481 at *5 (E.D. Mich. 2012).

Furthermore, Plaintiff admits that BANA is the servicer of Plaintiff's Note. (*See* Complaint at ¶11, 14). BANA therefore has authority to foreclose on Plaintiff's property

3

pursuant to MCL 600.3204(d)(1) because it the servicing agent of the Note, which is secured by

the mortgage.  Accordingly, Plaintiff's first objection is without merit.

**Plaintiff's Second Objection**

Count 2 of Plaintiff's Complaint is titled "MI Foreclosure By Advertisement Statute" and

alleges:

49.    Michigan's foreclosure by advertisement statute, MCL 600.3204, requires
       as follows:

       (4) A party shall not commence proceedings under this chapter to
       foreclose a mortgage of property described in section 3205a(1) if 1 or
       more of the following apply:

       (f) Calculations under section 3205c(1) show that the mortgagor is eligible
       for a loan modification and foreclosure under this chapter is not allowed
       under section 3205c(7).

50.    The foreclosure was in violation of MCL 600.3204, in that Plaintiff is
       eligible for a loan modification and therefore "foreclosure under this
       chapter is not allowed under section 3205c(7)."

(Pl.'s Compl. at 8).

In their motion, Defendants assert that Count 2 should be dismissed because Plaintiff has

failed to allege that he pursued the process outlined in Mich. Comp. Laws § 600.3205c.

Defendants contend that the obligation under § 600.3205c "were never triggered, and thus, there

is no basis for plaintiff's claim for violation of MCL 600.3204."  (Defs.' Br. at 6).  Defendants

4

further contend that even if § 600.3205c applied (which it does not), plaintiff failed to aver that the calculations under 3205c(1) show that he was eligible for a loan modification.  (*Id*.).

In her R&R, Magistrate Judge Majzoub concluded that Plaintiff did "not allege facts to show that he contacted a housing counselor as required by statute" and he therefore has not alleged sufficient facts to state a viable claim for violation of § 600.3204.  (R&R at 7).

In Plaintiff's second objection, he "objects to the Report's findings that Plaintiff did not plead sufficient facts regarding his compliance with Michigan's statutory mediation process." (Pl.'s Objs. at 5).  Plaintiff argues that the R&R's "interpretation of Mich. Comp. Laws § 600.3205c is not consistent with the statute."  (Objs. at 5).

This Court disagrees.

As was the case in *Talton,* Plaintiff alleges that Defendants violated Mich. Comp. Laws § 600.3204(4) when they initiated foreclosure proceedings even though Plaintiff was eligible for a loan modification under section 3205c(1), and Defendants argue that § 3205c does not apply because Plaintiff did not contact a housing counselor as required by the statute.  *Talton v. BAC Home Loans Servicing, LP*, 839 F.Supp.2d 896, 908 (E.D. Mich. March 7, 2012).[2]  As explained in *Talton*:

> Section 600.3204(4) precludes the initiation of foreclosure proceedings if "[c]alculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7)."  Mich. Comp. Laws § 600.3204(4)9f) (2010) (the statute was amended effective December 22, 2011; this requirement is now found in section 600.3204(4)(g)).  Section 600.3205c(1) (2010) stated:

---

[2]*Talton* was filed by the same firm that is representing Plaintiff in this action.

5

> If a borrower has contacted a housing counselor under section
> 3205b but the process has not resulted in an agreement to modify
> the mortgage loan, the person designated under section
> 3205a(1)(c) shall work with the borrower to determine whether the
> borrower qualifies for a loan modification.

*Talton*, 839 F.Supp.2d at 908.

In *Talton,* the plaintiffs did not allege that they contacted a housing counselor as required

by the statute. *Id.* Instead, like Plaintiff does here, the plaintiffs alleged that they retained

counsel and participated in the statutory loan modification process. *Talton*, 839 F.Supp.2d at

839; Pl.'s Compl. at ¶ 24. Mortgagor's may not seek relief under the statute unless they have

complied with the statute's requirements. *Talton,* 839 F.Supp.2d at 839 (collecting cases). "The

Michigan legislature recently amended the statute, which now allows a borrower to suspend

foreclosure proceedings '*either* by contacting the [servicer] directly *or* by contacting a housing

counselor." *Id.* (emphasis added). That amendment, however, was not in effect when the

complaint in this matter was filed and, like the complaint in *Talton*, "there is no allegation that

the plaintiffs, either themselves or through counsel, contacted *a housing counselor*, as the statute

required at the time." *Id.* (emphasis added). Thus, the Court agrees that Count 2 must be

dismissed.

**Plaintiff's Third Objection**

In Plaintiff's third objection, he challenges the Magistrate Judge's dismissal of Count 2

"on the basis that Plaintiff has not provided the Court with the authority that a foreclosure sale

was not properly published pursuant to Mich. Comp. Laws § 600.3208 and such a defect does

not lead to any remedy for relief." (Pl.'s Objs. at 6). Plaintiff contends that Defendants did not

offer this argument in their motion, and therefore it has been waived.  While it is true that
Defendants did not offer this argument in their motion to dismiss, it is likely because Count 2 of
Plaintiff's Complaint does not assert a claim based on Mich. Comp. Laws § 600.3208.  Count 2
does not assert a claim that Defendants did not comply with foreclosure notice requirements.
After reviewing Plaintiff's complaint, Plaintiff's Count 2 only alleges that Defendants attempted
to improperly foreclose upon Plaintiff's property while Plaintiff was eligible for a loan
modification.  Because Count 2 does not include a claim alleging that Defendants failed to
comply with notice requirements, Plaintiff's objection is without merit.

**Plaintiff's Fourth Objection**

In Count 3 of Plaintiff's Complaint, Plaintiff contends that Defendants violated MCL
600.3205a(1)(c) by designating their foreclosing counsel, Trott & Trott, as its agent to enter into
loan modification agreements because Trott & Trott did not actually have authority to grant loan
modifications.  (Compl. at ¶ 55).  In Plaintiff's fourth objection, Plaintiff objects to Magistrate
Judge Majzoub's determination that Defendants did not err by appointing Trott & Trott as its §
3205a designee.  In this case, however, Plaintiff admits that Trott & Trott, along with BANA,
directly and actively engaged in loan modification negotiations.  (*See* Compl. at ¶ 24).
Furthermore, Defendants' § 3205a notice expressly grants Trott & Trott authority to make
agreements under  § 3205b and § 3205c.  (Def.'s Br., Ex. 4).  Thus, thus Plaintiff's objection is
without merit.

**Plaintiff's Fifth Objection**

In Count 4, Plaintiff alleges that Defendants violated 24 C.F.R. § 203.604 by not

engaging in a face-to-face meeting to resolve Plaintiff's default before Plaintiff falls three monthly payments behind on their mortgage. In Plaintiff's fifth objection, he contends that Magistrate Judge Majzoub erred by recommending Count 4 be dismissed because 24 C.F.R. § 203.604 does not provide for a private right of action. This Court agrees with the Magistrate Judge that Plaintiff has no private right of action under 24 C.F.R. § 203.604. *See Agbay v. Wells Fargo Bank*, *N.A.*, 2012 WL 3029825 (E.D. Mich. 2012); *Baumgartner v. Wells Fargo Bank, N.A.*, 2012 WL 2223154 (E.D. Mich. 2012).

**Plaintiff's Sixth Objection**

In Plaintiff's sixth objection, he contends that Magistrate Judge Majzoub erred when she recommended that the Court dismiss Plaintiff's claim that Freddie Mac tortiously interfered with its mortgage with Capital Mortgage. After reviewing Plaintiff's Complaint, this Court agrees with Magistrate Judge Majzoub and Defendants that Plaintiff has failed to allege how Capital or BANA breached the mortgage contract. Accordingly, Plaintiff's objection on this issue is without merit.

**Plaintiff's Seventh Objection**

In Plaintiff's seventh objection, Plaintiff objects to Magistrate Judge Majzoub's conclusion that Plaintiff's civil conspiracy claim (Count 6) should be dismissed because Plaintiff has failed to allege a separate actionable tort against Defendants. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich.App. 365, 384 (2003). Because Plaintiff's tortious interference and fraud claims fail, Plaintiff has not alleged an actionable tort against Defendants. This objection is also without merit.

8

**Plaintiff's Eighth Objection**

As to Counts 7 through 17 of Plaintiff's Complaint, Magistrate Judge Majzoub's R&R

states as follows:

> Plaintiff makes a variety of other allegations in Counts 7-17 of his complaint.
> The Court has thoroughly reviewed Plaintiff's complaint, Defendants' motion,
> Plaintiff's response, and Defendants' reply and recommends that the Court
> dismiss Counts 7-17 for the reasons states in Defendants' brief and in
> *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-14065, 2012 WL 2223154, at *4-
> 9 (E.D. Mich. June 15, 2012).[3]

(R&R at 9).

As Plaintiff's eighth objection, he "objects to the Report's cursory treatment of these

claims."  (Objs. at 13).

It certainly would have been helpful –  for Plaintiff, this Court, and the appellate court

should Plaintiff pursue an appeal – for the R&R to individually address each claim.

Nevertheless, for the reasons stated below, the Court agrees that the following counts must be

dismissed.

**Real Estate Settlement Procedures Act (Count 7)**

Count 7 of Plaintiff's complaint, like the complaint in *Baumgartner,* alleges that

Defendants violated the Real Estate Settlement Procedures Act because BANA has taken

kickbacks from Freddie Mac as a reward for forcing Plaintiff's file into foreclosure.  (*See* Compl.

at ¶ 94).  "Such allegations do not relate to loan settlement services within the purview" of the

---

[3]*Baumgartner* was filed by the same firm that is representing Plaintiff in this action and
the complaint in that action contained many of the same claims asserted in this action.

9

Act. *Baumgartner, supra*, at \*5.

### Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (Count 8)

Count 8 asserts a claim under Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSA"). "The MBLSA does not apply to a corporate instrumentality of the United States, such as Freddie Mac." *Baumgartner, supra* at \* 6. And Defendant BANA, as a nationally chartered bank, is also exempt from the MBLSA. *Id.*

### Declaratory Relief – Foreclosure Barred By Unclean Hands (Count 9)

"The unclean hands doctrine is not a cause of action." *Baumgartner, supra*., at \* 6. Rather, it is a defense. Accordingly, Count 9 must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Breach of Contract – Implied Duty of Good Faith and Fair Dealing (Count 10)

Count 10 of Plaintiff's Complaint asserts a claim for breach of the implied duty of good faith and fair dealing. It is well established, however, that Michigan "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Baumgartner, supra*, at \* 6 (quoting *Fodale,* 271 Mich.App. at 35).

### Federal Fair Debt Collection Practices Act (Count 11) and Michigan Fair Debt Collection Practices Act (Count 12)

Count 11 asserts a claim under the Federal Fair Dept Collection Practices Act. Count 12 is "titled MI Fair Debt Collection Practices Act" yet the body of that count alleges that Defendants' conduct "constitutes multiple violations of the Michigan Occupation Code, and

10

more specifically MCL 339.918."  (Compl. at ¶ 115).

Like the defendants in *Baumgartner,* neither BANA nor Freddie Mac are debt collectors under the federal Fair Debt Collection Practices Act.  *Baumgartner, supra*, at * 7; *Grant v. Trinity Health-Michigan*, 390 F.Supp.2d 643, 655 (E.D. Mich. 2005).  Thus, Count 11 shall be dismissed.

The Court also concludes that Count 12 must be dismissed for the same reasons stated in *Baumgartner:*

> As to count XII, plaintiffs argue that defendant' conduct violates the Michigan Occupational Code.  The MOC does not apply to "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . ." Mich. Comp. Laws § 339.901(b).  Neither defendant Wells Fargo nor defendant Freddie Mac is a collection agency.

*Baumgartner, supra*, at * 7.

### Intentional Fraud (Count 13), Constructive Fraud (Count 14), and Promissory Estoppel (Count 15)

Plaintiff's fraud claims are premised upon an alleged broken promise of a future loan modification.  Future promises, however, are contractual and do not constitute fraud under Michigan law.  *Baumgartner, supra*, at * 8; *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976).  Moreover, Michigan law requires certain agreements, such as loan modifications, to be in writing.  *Baumgartner, supra* at * 8; *Crown Tech. Park v. D & N Bank, F.S.B.*, 242 Mich.App. 538, 548 (2000).  And for the same reasons that Plaintiff cannot state a claim for fraud, he cannot state a claim for promissory estoppel.  *Crown Tech. Park*, 242

11

Mich.App. at 550.

### Michigan Consumer Protection Act (Count 16)

Count 16 must be dismissed because the Michigan Consumer Protection Act does not apply to mortgage transactions. *Baumgartner, supra, at * 9; Newton v. Bank West*, 262 Mich.App. 434 (2004).

### Unjust Enrichment (Count 17)

Count 17 must be dismissed because an unjust enrichment claim is barred by the mortgage. *Baumgartner, supra*, at * 8. This is because "[c]laims of unjust enrichment cannot proceed where there is an express contract covering the subject matter; they are only applicable where a contract is implied. *See Fodale v. Waste Management of Michigan, Inc*., 271 Mich.App. 11, 36, 718 N.W.2d 827 (2006) (holding that the existence of an express loan agreement governing a contractual relationship is sufficient ground to defeat a debtor's claim of unjust enrichment.)." *Id.*

### Plaintiff's Ninth Objection

In Plaintiff's Ninth Objection, he objects to the Magistrate Judge's recommendation that Count 10 be dismissed. Plaintiff notes that Defendants' motion did not challenge Count 10, Plaintiff's claim for breach of the implied duty of good faith and fair dealing. Plaintiff contends that the Magistrate Judge should not have found authority for dismissal of this count given that "Defendants did not do so themselves." (Objs. at 19).

Fed. R. Civ. P. 56(f), however, provides that this Court may *sua sponte* grant summary judgment on grounds not raised by a party, so long as notice and a reasonable time to respond to

12

that ground are provided.  The key inquiry is whether, considering the totality of the proceedings, the losing party was on sufficient notice that it needed to come forward with all evidence or legal authority needed to withstand summary judgment.  *Turcar, LLC v. I.R.S.* , 451 Fed. App'x 509, 513 (6th Cir. 2011).  Here, Magistrate Judge Majzoub's R&R served as notice that the Court may dismiss Count 10 because Michigan law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.  Plaintiff was then provided fourteen days to respond to the R&R, including the basis for dismissing Count 10.  Thus, under the circumstances presented here, Plaintiff was provided sufficient notice and a reasonable time to respond.  This Court shall therefore dismiss Count 10 pursuant to Fed. R. Civ. P. 56(f).

**Plaintiff's Tenth Objection**

Plaintiff's Tenth and final objection states that "[s]ince the Report does not state which claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or which claims were dismissed pursuant to Fed. R. Civ. P. 56" Plaintiff "will assume that all claims were dismissed on summary judgment grounds."  (Objs. at 19).  Plaintiff then objects to the R&R on the basis that it was granted before Plaintiff was afforded sufficient time to obtain discovery.

The Court finds this objection without merit.  Rule 56(d) of the Federal Rules of Civil Procedure "recognizes that there are instances when a party lacks the necessary facts to properly contest a summary judgment motion."  *CareToLive v. Food and Drug Admin*., 631 F.3d 336, 345 (6th Cir. 2011).  Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may defer consideration of the motion, allow time to take discovery or obtain affidavits, or take other

13

appropriate action.  Fed. R. Civ. P. 56(d).  But Plaintiff did not file such an affidavit or

declaration under Rule 56(d).

Moreover, this case was removed to this Court on October 18, 2011.  Defendants filed

their motion on November 18, 2011.  Plaintiff did not file any response to the motion until June

14, 2012 – more than six months after it was due, and only after Magistrate Judge Majzoub

issued a Show Cause Order.  This Court's practice guidelines advise that this Court not only

allows, but expects, parties to begin discovery prior to the issuance of a scheduling order by the

Court. www.mied.uscourts.gov/judges/practiceguidelines.  Thus, if Plaintiff wished to obtain

discovery before responding to the motion, it certainly could have done so before filing its

response brief on November 18, 2011.

Accordingly, IT IS ORDERED that the August 11, 2012 R&R is ADOPTED and, for the

reasons set forth in the R&R, and the reasons set forth in this Order, Plaintiff's complaint shall

be DISMISSED WITH PREJUDICE.



IT IS SO ORDERED.

                                        S/Sean F. Cox                                   
                                        Sean F. Cox
                                        United States District Judge

Dated:  September 7, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on

14

September 7, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager